658 F.2d 71
 Gerald BROWN, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION, William H. Webster,
Director, and United States Department of Justice,
William French Smith, Attorney General,
Defendants-Appellees.
 No. 1516, Docket 81-6064.
 United States Court of Appeals,
Second Circuit.
 Argued June 12, 1981.
Decided Aug. 24, 1981.
 
 Ronald R. Benjamin, Binghamton, N. Y., for plaintiff-appellant.
 George H. Lowe, U. S. Atty., N. D. N. Y., Syracuse, N. Y. (Joseph A. Pavone, Asst. U. S. Atty., Syracuse, N. Y., of counsel), for defendants-appellees.
 Before OAKES and KEARSE, Circuit Judges, and RE,* Chief Judge.
 RE, Chief Judge:
 
 
 1
 This is an appeal from a judgment of Judge McCurn of the U. S. District Court for the Northern District of New York, which granted summary judgment to the defendant-respondent, the Federal Bureau of Investigation, and which dismissed the plaintiff-appellant, Mr. Brown's complaint. Plaintiff-appellant, Brown, sought an order directing the F.B.I. to disclose to the plaintiff certain information concerning a Ms. Shepardson, pursuant to a request made under the Freedom of Information Act, 5 U.S.C. § 552. Since we agree with the judgment of the District Court, we affirm.
 
 
 2
 On September 16, 1976, Gerald Brown, the plaintiff in this action, was convicted in the U. S. District Court of kidnapping Mary Shepardson. As the victim of the kidnapping, Ms. Shepardson was a key prosecution witness at the trial. Mr. Brown's conviction was affirmed on appeal[1] and he is currently serving a 25-year sentence.
 
 
 3
 On September 10, 1979, Mr. Brown submitted a Freedom of Information Act request to the F.B.I., which sought access to any information in its files, concerning monetary or other benefits received by Ms. Shepardson in return for her testimony; her involvement in the government's Witness Protection Program; information as to the custody of Ms. Shepardson's children; Ms. Shepardson's criminal record; and any information relating to her possible involvement with illegal drugs.
 
 
 4
 The F.B.I. denied this request, explaining that the information sought was personal to Ms. Shepardson; its release without her consent was prohibited by the Privacy Act, 5 U.S.C. § 552a; and that there was insufficient public interest in the information requested to require its disclosure under the Freedom of Information Act.
 
 
 5
 Mr. Brown appealed the denial of his request to the Department of Justice. In denying his appeal, the Department informed him that the only F.B.I. records indexed to Ms. Shepardson were those dealing with the initial kidnapping investigation. Mr. Brown next sought an order from the District Court for the Northern District of New York, permitting access to the requested records. The F.B.I., in its answer, stated that the information had been properly withheld because its disclosure would constitute an unwarranted invasion of Ms. Shepardson's privacy, and cross-moved for dismissal.
 
 
 6
 Plaintiff subsequently moved for an order requiring the defendants to provide a detailed justification for withholding the requested information, including an itemization and index which would correlate specific statements in the justification with actual portions of the requested documents.
 
 
 7
 The F.B.I. opposed the motion, contending that the requested information was exempt from FOIA disclosure under 5 U.S.C. § 552(b)(6) which exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"; and also under 5 U.S.C. § 552(b)(7) which exempts from disclosure "investigatory records compiled for law enforcement purposes ... to the extent that the production of such records would ... constitute an unwarranted invasion of personal privacy." The F.B.I. further contended that, even if the requested records were not exempted from disclosure under the FOIA, it was prohibited by the Privacy Act, 5 U.S.C. § 552a(b), from disclosing that information without the consent of the individual to whom it pertained.
 
 
 8
 Mr. Brown also requested that the court conduct an in camera inspection of the disputed records. The court denied this request, holding that the F.B.I.'s sworn affidavits constituted a sufficiently detailed justification for its refusal to disclose. Treating the F.B.I.'s cross motion to dismiss as one for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the District Court granted summary judgment in favor of the F.B.I.
 
 
 9
 The question presented in this appeal is whether the District Court properly reviewed the F.B.I.'s refusal to disclose the requested information. Mr. Brown contends that the District Court erred in three respects; first, in denying his motion for a detailed justification of the claimed exemption; second, in denying his motion for an in camera inspection; and, third, in its interpretation of the claimed FOIA disclosure exemptions under 5 U.S.C. §§ 552(b)(6) and 552(b)(7).
 
 
 10
 When a government agency receives a request for information of a personal nature, pertaining to a person other than the one making the request, the agency must reconcile two conflicting duties: the duty to make available to the public the information in its possession; and the duty to safeguard the privacy of individual members of the public. These duties are enunciated in the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.
 
 
 11
 The Freedom of Information Act, and the judicial decisions which interpret and apply it, evidence a strong public policy in favor of public access to information in the possession of federal agencies. See Department of Air Force v. Rose, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); E. P. A. v. Mink, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). In keeping with this policy, the FOIA clearly specifies that when an agency withholds requested information "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4) (B). This is a necessary aspect of FOIA litigation because, in the typical case, only the agency knows the exact nature of the documents being withheld. See Ray v. Turner, 587 F.2d 1187 (D.C.Cir.1978); Mead Data Cent., Inc. v. U. S. Dept. of Air Force, 566 F.2d 242 (D.C.Cir.1977), Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir.1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The party seeking to obtain documents usually can only speculate on their contents.
 
 
 12
 In an effort to compensate for this obvious disadvantage, courts have required agencies to itemize and index the documents requested, segregate their disclosable and non-disclosable portions, and correlate each non-disclosable portion with the FOIA provision which exempts it from disclosure. This procedure is intended to restore the adversarial balance needed to allow the court to reach a just and fair result. See Vaughn v. Rosen, 484 F.2d at 824. It has been recognized, however, that the itemizing and indexing of documents "are not ends in themselves, but only means by which an FOIA plaintiff gains the ability 'to present its case effectively' ". Information Acquisition Corp. v. Dept. of Justice, 444 F.Supp. 458, 462 (D.D.C.1978), quoting, Mead Data, 566 F.2d at 251. Thus, when the facts in plaintiff's possession are sufficient to allow an effective presentation of its case, an itemized and indexed justification of the specificity contemplated by Vaughn may be unnecessary. The District Court concluded that this was such a case, and we agree. The detailed requests made by Mr. Brown, focusing on private aspects of Ms. Shepardson's activities, belies any contention that he does not know the nature of the information that the F.B.I. has withheld.
 
 
 13
 Furthermore, the affidavit submitted by Mr. Underwood of the F.B.I. sets forth the reasons for withholding that information in detail sufficient to allow the District Court to make a determination with respect to the claimed exemptions. Thus, the equalization provided by the reasoning of the Vaughn case is not required here. This court, in Lead Industries Ass'n v. Occup. S. & H. Admin., 610 F.2d 70 (2nd Cir. 1979), endorsed the proposition that, in FOIA litigation:
 
 
 14
 It is only where the record is vague or the agency claims too sweeping or suggestive of bad faith that a District Court should conduct an in camera examination to look for segregable non-exempt matter ... Where it is clear from the record that an agency has not exempted whole documents merely because they contained some exempt material, it is unnecessary and often unwise to undertake such an examination.
 
 
 15
 Id., at 88, quoting Weissman v. Central Intelligence Agency, 565 F.2d 692, 698 (D.C.Cir.1977).
 
 
 16
 Plaintiff does not assert in this action that the F.B.I. is attempting to withhold patently disclosable information by lumping it together with arguably exempt matter. Accordingly, we find that the District Court did not abuse its discretion in denying plaintiff's motion for an in camera inspection of the requested documents.
 
 
 17
 As regards the substantive aspects of plaintiff's appeal, it must be noted that the Privacy Act absolutely prohibits the non-consensual release of information personal to Ms. Shepardson except as required under the FOIA. 5 U.S.C. § 552a(b). Therefore, the decision to disclose or withhold the requested information depends entirely on the interpretation and application of the claimed exemptions.
 
 
 18
 The F.B.I. contends that the requested information is exempt from disclosure under both Exemptions (6) and (7) of 5 U.S.C. § 552(b). Exemption (6) states that the FOIA disclosure provisions are inapplicable to "... personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Since the requested information is not contained in personnel or medical files, the F.B.I. must show that the documents withheld are "similar files" within the meaning of this section, and that disclosure of the information contained in the documents would constitute a "clearly unwarranted invasion of personal privacy." Lamont v. Dept. of Justice, 475 F.Supp. 761, 781 (S.D.N.Y.1979).
 
 
 19
 "There is, to a large extent, an essential interrelationship between the question whether information to which access is denied under the aegis of Exemption 6 is 'similar' to personnel or medical files, and the inquiry whether disclosure of the information would result in an unwarranted invasion of privacy ... (B)oth questions turn on whether the facts that would be revealed would infringe on some privacy interest ..." Board of Trade of the City of Chicago v. Commodity Futures Trading Commission, 627 F.2d 392, 397 (D.C.Cir.1980). Thus, a finding that the requested information is similar to that contained in personnel or medical files, necessarily implies that there is a substantial privacy interest that must be overcome before disclosure is warranted.
 
 
 20
 Whether the information concerning Ms. Shepardson is similar to that contained in personnel or medical files also depends upon the personal, intimate quality of the information. Id., at 398. The facts withheld must touch on the intimate details of a person's life. Board of Trade, supra, 627 F.2d at 398, 399; 77 (D.C.Cir.1974). The words "similar files" have been held to include facts concerning marital status, legitimacy, paternity, medical condition, welfare payments, alcoholic consumption, Rural Housing Alliance v. U. S. Dept. of Agriculture, 498 F.2d 73, 77 (D.C.Cir.1974), as well as a record of arrests and convictions. Malloy v. U. S. Dept. of Justice, 457 F.Supp. 543, 545 (D.D.C.1978). These kinds of facts are regarded as personal because their public disclosure could subject the person to whom they pertain to embarrassment, harassment, disgrace, loss of employment or friends. See Dept. of Air Force v. Rose, 425 U.S. 352, 357, 96 S.Ct. 1592, 1597, 48 L.Ed.2d 11 (1976); Board of Trade, supra, 627 F.2d at 399; Rural Housing Alliance, supra, 498 F.2d at 77. Obviously, disclosure of such facts as are requested by Mr. Brown, assuming they actually exist to be disclosed, would invade Ms. Shepardson's privacy, and irreparably damage her reputation. The District Court was, therefore, correct in regarding the requested documents as "similar files" under Exemption (6).
 
 
 21
 Mr. Brown's assertion that, by testifying, Ms. Shepardson has waived her right to privacy is without foundation in law or logic. This court does not agree that, by testifying about some personal matters, a witness in a criminal trial forever waives his or her right to keep private other related matters. While it is true that Ms. Shepardson cannot suppress those facts which have become a matter of public record, she retains her right to privacy as to other personal matters. This is particularly applicable here, because she was the victim of the kidnapping, and certainly did not initiate these disclosures.
 
 
 22
 Recognition of Ms. Shepardson's privacy interest, however, does not end the inquiry. The Supreme Court, in Department of Air Force v. Rose, indicated that, in determining whether or not disclosure is warranted, courts must weigh the public interest in disclosure against the privacy interest of the individual. 425 U.S., at 373, 96 S.Ct., at 1604 (1976). In this weighing process, it must be remembered that it is the interest of the general public, and not that of the private litigant, that must be considered. Ditlow v. Shultz, 517 F.2d 166, 171-72 (D.C.Cir.1975).
 
 
 23
 Plaintiff states in his brief that he is pursuing this litigation hoping to obtain evidence sufficient to mount a collateral attack on his kidnapping conviction. That this is plaintiff's primary purpose will not necessarily prevent disclosure if there is a coincidental public purpose sufficient to overcome Ms. Shepardson's privacy interest. The court, however, cannot allow the plaintiff's personal interest to enter into the weighing or balancing process. "The FOIA is not intended to be an administrative discovery statute for the benefit of private parties." Columbia Packing Co. v. U. S. Dept. of Agriculture, 417 F.Supp. 651, 655 (D.Mass.1976).
 
 
 24
 Mr. Brown asserts that, in this action, the public interest to be served by disclosure lies in "the fair and even-handed administration of our criminal justice system." He fails, however, to demonstrate how these isolated disclosures concerning Ms. Shepardson will promote that interest. Any benefits accruing to the public by virtue of the possibility that he may win a new trial are too uncertain, indirect, and remote to mandate an abrogation of Ms. Shepardson's right of privacy in an FOIA proceeding. Such an invasion in this case would have been clearly unwarranted.
 
 
 25
 For the foregoing reasons, we hold that the District Court properly found the requested information to be exempt from disclosure under § 552(b)(6) of the FOIA and non-disclosable under the Privacy Act. We, therefore, find it unnecessary to address the question whether subsection (b)(7) provides an additional basis of exemption as "investigatory records".
 
 
 26
 Order granting summary judgment to defendants affirmed.
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation
 
 
 [1]
 U. S. v. Cavallaro (and Brown), 553 F.2d 300 (2nd Cir. 1977)