Susan LONG, Transactional Records Access Clearinghouse Syracuse University, and David Burnham, Transactional Records Access Clearinghouse Syracuse University, Plaintiffs,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

No. 98–CV–370.

United States District Court, N.D. New York.

July 7, 1998.

torneys with an index of withheld documents and portions of documents at issue pursuant to *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir. 1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974)("*Vaughn* Index"). The defendant has opposed the motion and filed a cross-motion for a protective order and to stay discovery pending the filing of a summary judgment motion. In a reply, the plaintiff opposed the cross-motion. Oral argument was heard on June 11, 1998, in Utica, New York, and decision was reserved.

## II. BACKGROUND

Plaintiffs Susan Long ("Long") and David Burnham are co-directors of the Transactional Records Access Clearinghouse ("TRAC"). TRAC is a nonprofit research organization affiliated with Syracuse University. Its mission is to compile and disseminate comprehensive information about the functioning of federal enforcement and regulatory agencies. Plaintiffs claim a statutory right to information under the Freedom of Information Act ("FOIA") 5 U.S.C. § 552.

### A. FOIA Request to Western Kentucky

Around November 18, 1996, Michael Troop ("Troop"), United States Attorney for the Western District of Kentucky, criticized TRAC's data related to the handling of referrals from the Drug Enforcement Administration by his office. On November 27, 1996, Long submitted a FOIA request for records to Troop. The U.S. Attorney responded on November 29, 1996, stating that all requests for Department of Justice ("DOJ") information must go through the Executive Office of the United States Attorney FOIA Unit ("EOUSA") in Washington, D.C. On December 9, 1996, Long repeated her request to the Western District of Kentucky and sent an identical FOIA request to EOUSA. On May 21, 1997, EOUSA responded to Long's request by releasing two pages and asserting that the release was a full response to Long's FOIA request. Long telephoned EOUSA because the May 21 response did not fully respond to the November 27 request. During the month of June 1997, six months after the FOIA request, computer tapes containing data from the office computer system were destroyed during a "massive shredding."

Satter Connor & Andrews, L.L.P., Syracuse, NY (Mairead E. Connor, of counsel), Public Citizen Litigation Group, Washington, DC (Colette G. Matzzie, of counsel), for Plaintiffs.

Thomas J. Maroney, United States Attorney for the Northern District of New York, Syracuse, NY (William H. Pease, Assistant U.S. Attorney, of counsel), for Defendant.

United States Department of Justice, Washington, DC (Michael S. Weinstein, of counsel), for U.S. Attorneys.

## MEMORANDUM–DECISION and ORDER

HURD, United States Magistrate Judge.

## I. INTRODUCTION

The plaintiffs have moved for an order directing the defendant to provide their at-

On June 17, 1997, EOUSA supplemented its response to Long's FOIA request by releasing three additional records consisting of eighty pages. EOUSA refused to release any additional responsive records citing the exceptions from disclosure under FOIA, 5 U.S.C. § 552(b)(3), (b)(7)(A), (b)(7)(C), and Fed.R.Crim.P. 6(e) which governs the disclosure and recording of grand jury proceedings.

On July 14, 1997, Long sent a letter appealing the determination made by EOUSA. By letter dated November 9, 1997, plaintiffs asked EOUSA to confirm that the FOIA request was processed in accordance with the requirements of the Electronic Freedom of Information Act Amendments of 1996, 5 U.S.C. § 552(a)(3)(B)-(D). By letter dated November 19, 1997, EOUSA confirmed that it had been implementing the Electronic FOIA Amendments when it responded to Long's FOIA request.

### B. FOIA Request to Minnesota

On August 6, 1997, Long submitted a request to the United States Attorney for the District of Minnesota and EOUSA for nine categories of records concerning that office's computerized record-keeping systems for law enforcement data.

On November 6, 1997, EOUSA responded by releasing five pages in full, withholding one page in full, and withholding three pages in part, on the ground that the withheld pages were protected pursuant to the deliberative process privilege and the law enforcement exemption of FOIA. 5 U.S.C. § 552(b)(5), (b)(7)(C).

### III. DISCUSSION

#### A. Vaughn Index

Plaintiffs argue that their motion for a *Vaughn* Index should be granted because the Government has provided insufficient information to sustain the exemption claim under FOIA.

■ An agency may deny a FOIA request if the information requested falls within one of nine statutory exemptions set forth in 5 U.S.C. § 552(b).[1] When there is a factu-

---

1. The nine statutory exemptions apply to information which is:

(1) (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(2) related solely to the internal personnel rules and practices of an agency;

(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;

(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(9) geological and geophysical information and data, including maps, concerning wells.

al dispute whether the records actually fall within one of the nine statutory exemptions, the court can inquire through a *Vaughn* Index into the reasons the agency is withholding the information. *Vaughn*, 484 F.2d 820, 826–28. The agency bears the burden of proving the validity of the exemptions claimed. *Brown v. Federal Bureau of Investigation*, 658 F.2d 71, 73 (2d Cir.1981).

 Conclusory and generalized allegations, as well as the mere reiteration of statutory language, is unacceptable. *E.P.A. v. Mink*, 410 U.S. 73, 93, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). Parties who seek documents through FOIA are at a disadvantage when a government agency refuses to turn over records claiming statutory exemption because the seeking party can only speculate as to the exact nature of the withheld documents. *Brown*, 658 F.2d at 73. To alleviate this disadvantage, the government agency must create a *Vaughn* Index to "assist the trial court in its de novo review of agency refusals to disclose materials or portions of materials." *Ferguson v. F.B.I.*, 722 F.Supp. 1137, 1144 (S.D.N.Y.1989). The *Vaughn* Court stated that the index would assist the trial court to "(1) assure that a party's right to information is not submerged beneath governmental obfuscation and mischaracterization, and (2) permit the court system effectively and efficiently to evaluate the factual nature of disputed information." 484 F.2d at 826.

 In this case, the DOJ bears the burden of showing the validity of the exemptions claimed by EOUSA. The defendant has simply withheld certain requested documents claiming exemptions under 5 U.S.C. § 552(b)(3), (b)(5), (b)(7)(A)-(D) and Fed. R.Crim.P. 6(e). More than recitation of statutory language is required in order for the DOJ to prevail. *See Mink*, 410 U.S. at 93, 93 S.Ct. 827. Here, plaintiffs can only speculate as to the nature of the documents and the validity of the statutory reasons for exemption that EOUSA cited. *See Brown*, 658 F.2d at 73. To alleviate this inequality and create balance between the parties, DOJ must create a *Vaughn* Index to separate the

5 U.S.C. § 552(b)(1)-(9)(1996 & Supp.1998).

disclosable and nondisclosable documents and to highlight to the court which FOIA provision is associated with which nondisclosable document. *See id.* at 74. This will allow the court to neutrally review the nondisclosable documents and allow the plaintiffs "to present [their] case effectively." *See id.*

**B. Stay of Discovery and Protective Order**

Defendant moves for a protective order staying discovery until such time as its motion for summary judgment has been filed. Plaintiffs argue in opposition that the adequacy of the agency's search for requested documents was insufficient, therefore discovery should carry forward in order to reveal the adequacy of the search.

 In order for a government agency to prevail on a motion for summary judgment in a FOIA case, it must prove through a *Vaughn* Index "that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from FOIA inspection requirements." *Bay Area Lawyers Alliance v. Department of State*, 818 F.Supp. 1291, 1295 (N.D.Cal.1992) (citing *Goland v. CIA*, 607 F.2d 339, 352 (D.C.Cir. 1978)). Further, the agency must show that it conducted an adequate search for documents. *Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir.1994). Adequacy of a search can be shown by affidavits submitted by the agency that are " 'relatively detailed and nonconclusory and must be submitted in good faith.' " *Simmons v. United States Dep't of Justice*, 796 F.2d 709, 712 (4th Cir.1986) (quoting *Goland*, 607 F.2d at 339).

 In addition, the affidavits must reasonably outline the method of search for the requested records and show that all likely responsive files were searched. *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C.Cir.1990). A search is complete where the declaration "describes with particularity the files that were searched, the manner in which they were searched, and the results of the search." *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C.Cir.1994). The filing of a *Vaughn* In-

dex and affidavits that outline the method and adequacy of the search will allow the court to make an informed decision whether to grant summary judgment and forgo discovery, or decide that discovery is needed to further investigate the extent of the search for documents.

 Here, plaintiff needs discovery because it is alleged that defendant insufficiently searched for documents. The search conducted by the DOJ and outlined in the affidavits submitted in support of its motion fails to meet the test because they are not sufficiently detailed and are conclusory. *Simmons*, 796 F.2d at 712. The affidavits do not reasonably outline the method of the search to a degree which shows that all likely responsive files were searched, therefore, discovery is needed. In addition, the defendant's affidavits raise questions as to the adequacy of the search performed by the local United States Attorney Offices and the EOUSA. Affidavits by three local employees Wheatley, Hill, and Small, state that no search for records was required because all requested material is available with EOUSA. This claim is in direct conflict with the affidavits of Menton and Bryant, members of the EOUSA who claim that some data and procedures are local in nature and are only available from the local office. Further, Carol J. Uebelhoer, Systems Manager for the U.S. Attorney's Office for the Western District Kentucky, states in her affidavit that records were destroyed in June of 1997, six months after plaintiffs' FOIA requests. This immediately brings into question good faith on the part of DOJ, the extent of DOJ's and EOUSA's search, and their ability to identify and extract relevant records before the records destruction.

Defendant argues that it is improper to proceed with discovery until after DOJ has filed a motion for summary judgment. *See Simmons*, 796 F.2d at 710; *Military Audit Project v. Casey*, 656 F.2d 724, 738, 751–52 (D.C.Cir.1981); *Goland*, 607 F.2d at 353. This argument is inappropriate here. For example, in *Simmons*, the court granted defendant's motion for a stay of discovery until the defendant had filed a motion for summary judgment on the grounds that its affi-

davits sufficiently detailed the reasons for nondisclosure and the court reviewed the withheld documents *in camera*. *Simmons*, 796 F.2d at 712. Similarly, in *Casey* and *Goland*, the defendants submitted sufficient affidavits and documentation for the court to determine that the search for documents was adequate and summary judgment was granted. *Simmons*, 796 F.2d at 710, *Goland*, 607 F.2d at 353.

Here, the affidavits filed by DOJ do not sufficiently detail the reasons for nondisclosure and the court has not reviewed a *Vaughn* Index or the documents *in camera*. In fact, the only evidence of nondisclosure is boilerplate language cited from the statute. Further, as stated before, there are direct contradictions, questions of fact, and questions of good faith that arise when reviewing the adequacy of the search for documents conducted by EOUSA and the local United States Attorney Offices.

 The plaintiffs' demands for interrogatories and requests for production of documents are appropriate to test the adequacy of the search. However, the plaintiffs' requests for admissions cover a far broader range, and need not be responded to by the defendant at this stage of the proceedings.

Upon the creation of a *Vaughn* Index and with responses to the demands for interrogatories, the plaintiffs will be in a position to respond to defendant's motion for summary judgment. Additionally, and just as important, the District Judge will have the necessary information to review DOJ's refusal to disclose and the adequacy of its search. A stay of discovery must be denied. *Ruotolo v. Department of Justice*, 53 F.3d 4, 11 (2d Cir.1995)("[T]he better course would have been … to grant the adjournment … for further discovery in aid of [plaintiffs'] opposition to the summary judgment motion.... Further discovery should have been afforded to the [plaintiffs].").

## IV. *CONCLUSION*

Upon consideration of plaintiffs' motion for a *Vaughn* Index, and defendant's cross-motion for a stay of discovery and a protective order, it is

ORDERED, that

1. Plaintiffs' motion is GRANTED;

2. On or before August 7, 1998, defendant shall provide plaintiffs' attorneys with an index of the records and portions that have been withheld, describing each such record or portion of a record withheld, and detailing the agency's claims for withholding such record or portion of a record, correlating each asserted exemption of the Freedom of Information Act with the material for which the defendant claims the exemption applies;

3. Defendant's motion for a stay of discovery is DENIED;

4. Defendant's motion for a protective order is DENIED in part, and defendant is directed to respond to plaintiffs' interrogatories and production of documents on or before August 7, 1998;

5. Defendant's motion for a protective order is GRANTED in part, and defendant need not respond to plaintiffs' requested admissions; and

6. A summary judgment motion shall not be filed by the defendant until completion of the above discovery.

IT IS SO ORDERED.